UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, BAIME, and BURTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E2 TONY M. MAY
 United States Army, Appellant

 ARMY 20090033

 Headquarters, 10th Mountain Division (LI) & Fort Drum
 Andrew Glass and Michael J. Hargis, Military Judges
 Lieutenant Colonel Steven P. Hester, Staff Judge Advocate (pretrial)
 Lieutenant Colonel Michael O. Lacey, Staff Judge Advocate (post-trial)

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Timothy W. Thomas, JA; Captain A. Jason Nef, JA (on
brief).

For Appellee: Colonel Michael Mulligan, JA; Major Christopher B. Burgess,
JA; Major Sara M. Root, JA. (on brief).

 26 October 2010

 ---------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:

 An enlisted panel sitting as a general court-martial convicted
appellant, contrary to his pleas, of disobeying a superior commissioned
officer, two specifications of violating a lawful regulation, maltreatment,
two specifications of making a false official statement, three
specifications of assault, burglary, drunk and disorderly conduct, and
obstructing justice, in violation of Articles 90, 92, 93, 107, 128, 129,
and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§
890, 892, 893, 907, 928, 929, and 934. The appellant was sentenced to
reduction to the grade of Private E1, forfeiture of all pay and allowances,
thirty-six months confinement, and a dishonorable discharge. The convening
authority approved confinement for thirty-five months and the remainder of
the adjudged sentence. This case is before us for review pursuant to
Article 66, UCMJ.

 On appeal, appellant alleges the government’s dilatory post-trial
processing warrants post-trial sentencing relief. We disagree and order no
relief. However, although not raised by appellant, we cannot affirm the
two false official statement specifications in their entirety. Both
specifications allege appellant made statements, which were “totally
false.” The evidence does not support findings of guilty to these
specifications. Rather, each statement only contains certain
particularized false official statements. Thus, we will amend these two
specifications in our decretal paragraph.

 DECISION

 We affirm only so much of Specification 1 of Charge III as finds
appellant “Did, at or near Fort Drum, New York, on or about 26 June
2008,[1] with intent to deceive, sign an official statement to wit: a DA
Form 2823 Sworn Statement, which statement was false in that appellant
stated “that is when anderson made a comment about my girlfriends butt and
i snapped. i snagged him up by the neck in a choke, then i threw him to
the ground. while on the ground he still wanted to talk about her so i hit
him four or five times closed fisted” [sic], he “ran out of the room. out
in to the parking lot where stacy and sgt. lee were waiting” [sic], he was
not drinking at SSG Lee’s residence, “I did not see anyone else drinking,”
and SSG Lee did not go into Private Anderson’s barracks room with him, or
words to that effect, and was then known by the said Private (E-2) Tony M.
May to be so false.” We affirm only so much of Specification 2 of Charge
III as finds appellant “Did, at or near Fort Drum, New York, on or about 14
July 2008, with intent to deceive, sign an official statement, to wit: a
DA Form 2823 Sworn Statement, which statement was false in that appellant
stated that Private Anderson’s head hit his elbow or words to that effect,
and was then known by the said Private (E-2) Tony M. May to be so false.”
The remaining charges and specifications are affirmed. We have considered
the matters personally asserted by appellant pursuant to United States v.
Grostefon¸12 M.J. 431 (C.M.A. 1982), and find them to be without merit.
The sentence is affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] We note the statement was actually signed on 25 June 2008, which is on
or about 26 June 2008.